# EXHIBIT 2

The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL HOME LOAN BANK OF SEATTLE, a bank created by federal law, | No. 2:10-cv-00148-RSM |
| Plaintiff, | DECLARATION OF SARAH H. CONCANNON IN SUPPORT OF DEFENDANTS' CONSOLIDATED OPPOSITION TO PLAINTIFF'S OMNIBUS MOTION TO REMAND |
| v. | |
| COUNTRYWIDE SECURITIES CORPORATION, a California corporation; CWALT, INC., a Delaware corporation; COUNTRYWIDE FINANCIAL CORPORATION, a Delaware corporation; MERRILL LYNCH MORTGAGE INVESTORS, INC., a Delaware corporation; and MERRILL LYNCH MORTGAGE CAPITAL, INC., a Delaware corporation, | |
| Defendants. | |

I, SARAH HEATON CONCANNON, hereby declare:

1.      I am an attorney duly licensed to practice law in the Commonwealth of Massachusetts with the law firm of Goodwin Procter LLP.  My office is located at 53 State Street, Boston, Massachusetts 02109.  I am one of the attorneys representing Defendants Bank of America Corporation, Banc of America Securities, LLC, Banc of America Funding Corporation, Countrywide Financial Corporation, Countrywide Securities Corporation, CWMBS, Inc., CWALT, Inc., Merrill Lynch, Pierce, Fenner & Smith, Inc., Merrill Lynch

DECLARATION OF SARAH H. CONCANNON IN SUPPORT
OF DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - 1
CASE NO. 2:10-cv-00148-RSM

39

Mortgage Investors, Inc., Inc., and Merrill Lynch Mortgage Capital, Inc.  I submit this declaration in support of Defendants' Consolidated Opposition to Plaintiff's Omnibus Motion to Remand. Except where otherwise indicated, I have personal knowledge of the matters stated herein and if called upon to do so, I could and would testify thereto.  The copies attached hereto are true and correct to the best of my knowledge.

2.  Attached hereto as Exhibit A is a true and accurate copy of the Federal Home Loan Bank of Des Moines's ("FHLB Des Moines") Notice of Removal, Docket Item No. 1 in O'Connor Enterprises Group v. Spindustry Systems Inc., Civ. No. 4:09-CV-01483 (S.D. Tex. May 18, 2009).  This document was attached as Exhibit C to UBS Securities' Notice of Removal, which was publicly filed in this Court on January 25, 2010 in Federal Home Loan Bank of Seattle v. UBS Securities LLC, et al., No. 2:10-CV-00146.

3.  Attached hereto as Exhibit B is a true and accurate copy of FHLB Des Moines's Brief in Support of the Resistance to Motion to Remand, which was publicly filed on March 24, 2009 as Docket Item No. 7 in Ewing v. Federal Home Loan Bank of Des Moines, Civ. No. 4:09-cv-106 (S.D. Iowa 2009).

4.  Attached hereto as Exhibit C is a true and accurate copy of FHLB Des Moines's Amended Notice of Removal, Docket Item No. 6 in Ewing v. Federal Home Loan Bank of Des Moines, Civ. No. 4:09-cv-106 (S.D. Iowa 2009).  This document was attached as Exhibit D to UBS Securities' Notice of Removal, which was publicly filed in this Court on January 25, 2010 in Federal Home Loan Bank of Seattle v. UBS Securities LLC, et al., No. 2:10-CV-00146.

5.  Attached hereto as Exhibit D is a true and accurate copy of the United States District Court for the Southern District of Iowa's Order Denying the Plaintiff's Motion to Remand, which was publicly filed on April 8, 2009 as Docket Item No. 9 in Ewing v. Fed. Home Loan Bank of Des Moines, Civ. No. 4:09-cv-106 (S.D. Iowa 2009).

DECLARATION OF SARAH H. CONCANNON IN SUPPORT
OF DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - 2
CASE NO. 2:10-cv-00148-RSM

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

40

1    6.    Attached hereto as Exhibit E is a true and accurate copy of the Federal Home

2  Loan Bank of Seattle's ("FHLB Seattle") Certificate of Organization.  This document was

3  attached as Exhibit E to UBS Securities' Notice of Removal, which was publicly filed in this

4  Court on January 25, 2010 in <u>Federal Home Loan Bank of Seattle v. UBS Securities LLC, et</u>

5  <u>al.</u>, No. 2:10-CV-00146.

6    7.    Attached hereto as Exhibit F is a true and accurate copy of an excerpt from

7  FHLB Seattle's Form 10-K, which was publicly filed with the Securities and Exchange

8  Commission on March 22, 2010.

9    8.    Attached hereto as Exhibit G is a true and accurate copy of the Member

10  Directory posted on FHLB Seattle's website. This document was attached as Exhibit F to

11  UBS Securities' Notice of Removal, which was publicly filed in this Court on January 25,

12  2010 in <u>Federal Home Loan Bank of Seattle v. UBS Securities LLC, et al.</u>, No. 2:10-CV-

13  00146.

14    I declare, under penalty of perjury, that the foregoing is true and correct.

15    Executed at Boston, Massachusetts on this 8th day of April, 2010

16

17    _____
    Sarah Heaton Concannon

18

19

20

21

22

23

24

25

26

DECLARATION OF SARAH H. CONCANNON IN SUPPORT
OF DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - 3
CASE NO. 2:10-cv-00148-RSM

41

**CERTIFICATE OF SERVICE**

Pursuant to RCW 9.A.72.085, the undersigned certifies under penalty of perjury under the laws of the State of Washington, that on the 8th day of April, 2010, the document attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following person(s):

David J. Grais    dgrais@graisellsworth.com, jwalker@graisellsworth.com

Leanne M. Wilson    lwilson@graisellsworth.com

Matthew A Carvalho    mcarvalho@yarmuth.com, dheinrich@yarmuth.com, smeyer@yarmuth.com

Owen L. Cyrulnik    ocyrulnik@graisellsworth.com, lwalczak@graisellsworth.com

Richard C Yarmuth    yarmuth@yarmuth.com, kkennedy@yarmuth.com

Executed on 8th day of April, 2010, at Seattle, Washington.

s/ Leah S. Burrus
_____
Leah S. Burrus

DECLARATION OF SARAH H. CONCANNON IN SUPPORT
OF DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION TO REMAND - 4
CASE NO. 2:10-cv-00148-RSM

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

42

# EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| O'CONNOR ENTERPRISE GROUP,<br>INC. d/b/a EPCGROUP.NET<br><br>VS.<br><br>SPINDUSTRY SYSTEMS<br>INCORPORATED d/b/a SPINDUSTRY<br>INTERACTIVE, INC. and THE<br>FEDERAL HOME LOAN BANK OF<br>DES MOINES | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____ |

### NOTICE OF REMOVAL

Defendant, Federal Home Loan Bank of Des Moines alleges:

      1.     Defendant, Federal Home Loan Bank of Des Moines, ("FHLB") is the first-served defendant in a civil action commenced on April 16, 2009, pending in the One Hundred and Twenty-Fifth (125th) Judicial District Court of Harris County, Texas, located at 201 Caroline Street, 12th Floor, Houston, Texas, 77002; Cause No. 2009-23572 entitled *O'Connor Enterprise Group, Inc. d/b/a EPCGroup.net v. Spindustry Systems Incorporated d/b/a Spindustry Intereractive, Inc. and the Federal Home Loan Bank of Des Moines.*

**A.    The Court has original jurisdiction over this case under the Federal Home Loan Bank Act of 1932.**

      2.     FHLB is a federal instrumentality or a federally chartered corporation established by act of Congress under the Federal Home Loan Bank Act of 1932. 12 U.S.C. §§1421, *et. seq.* Its corporate charter statute provides that it has the power "to sue and be sued, to complain and to defend, in any court of competent jurisdiction, State or Federal." 12 U.S.C. §1432(a). This language confers original subject matter jurisdiction in federal courts. *See, e.g., American Nat'l Red Cross v. S.G.,* 505 U.S. 247, 255 (1992); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits*

44

*Trust v. Raines,* 534 F.3d 779, 785 (D.C. Cir. 2008). Thus, the Court has original subject matter jurisdiction over this matter as long as FHLB is a party to it and for this reason should be removed to this Court.

**B.    The Court has diversity jurisdiction.**

3.    Service of Plaintiff's petition was first made on removing Defendant, FHLB, by serving this Defendant through the Texas Secretary of State on April 23, 2009. Plaintiff's Original Petition does not allege an amount in controversy. However, Plaintiff's lawsuit is based upon an alleged contract which provides for compensation of $89,500. Though not specified, Plaintiff's claim for quantum meruit presumably seeks damages in a similar amount as representative of the fair and reasonable value of services allegedly performed. Plaintiff also seeks attorney's fees under Texas Civil Practice and Remedies Code Chapter 38. Therefore, this removal notice is timely filed, as it is filed within thirty (30) days of service of Plaintiff's pleading and "other paper" from which Defendant could ascertain the case is removable pursuant to 28 U.S.C. § 1446(b). The Plaintiff's Original Petition is the initial pleading setting forth the claim upon which the action is based. The following constitutes all of the process, pleadings, and orders served upon Defendant in this action:

(a)    Plaintiff's Original Petition,

(b)    Citation to FHLB

4.    The action is a civil action of which this Court has original jurisdiction under Title 28 U.S.C. §1332, and is one which Defendant is entitled to remove to this Court pursuant to Title 28 U.S.C. §1441, in that the action is between citizens of different states. Plaintiff admits and alleges in its Original Petition that it is a Nevada corporation with its principal place of business in Houston, Texas; Defendant FHLB is a federal instrumentality created by Congress with its principal place of business in Iowa; and Defendant Spindustry Systems Incorporated d/b/a

Spindustry Interactive, Inc. ("Spindustry) is an Iowa corporation with its principal place of business in Clive, Iowa. Therefore, Defendants are Iowa citizens; Plaintiff is a citizen of Nevada and Texas. The above entitled action involves a controversy which is wholly between citizens of different states and therefore subject to this Court's jurisdiction. Under 28 U.S.C. §1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the state action is pending.

5.      All defendants in this matter have consented to this removal by and through their counsel. Filed simultaneously herewith is Defendant Spindustry's "Notice of Consent to Removal to Federal Court." (Ex. C).

6.      The matter in controversy is believed to exceed the sum of Seventy-Five Thousand and No/100 Dollars ($75,000.00), exclusive of interest and costs. This is based upon the Plaintiff's claim of damages resulting from the alleged non-payment for services performed under the purported contract that is the basis of Plaintiff's Original Petition. Plaintiff also seeks attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code.

7.      No jury was demanded by Plaintiff in the state court action. The state court action arises out of Plaintiff's allegation that it performed work for which it has not been paid and now attempts to recover those amounts from the defendants.

8.      For the above reasons, FHLB prays this matter pending in the 125th Judicial District Court of Harris County, Texas, styled Cause No. 2009-23572; *O'Connor Enterprise Group, Inc. d/b/a EPCGroup.net v. Spindustry Systems Incorporated d/b/a Spindustry Intereractive, Inc. and the Federal Home Loan Bank of Des Moines,* be removed from that Court to this Court. FHLB will promptly give adverse parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. §1446(d). FHLB will promptly file a copy of this Notice of

Removal with the Harris County District Clerk, where the action is currently pending, also pursuant to 28 U.S.C. §1446(d).

Respectfully submitted,


By:/s/ Kevin D. Jewell
      KEVIN D. JEWELL
      Attorney-in-Charge
      State Bar No. 00787769

OF COUNSEL:
CHAMBERLAIN, HRDLICKA, WHITE
     WILLIAMS & MARTIN
JASON R. BERNHARDT
State Bar No. 24045488
1200 Smith Street, Suite 1400
Houston, TX  77002- 4310
(713) 654-9630
(713) 658-2553 (fax)

ATTORNEYS FOR DEFENDANT
FEDERAL HOME LOAN BANK
OF DES MOINES

47

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record on this the ___ day of May, 2008 in the following manner:

Gregory V. Brown
Chevazz G. Brown
Jackson Walker, LLP
1401 McKinney, Suite 1900
Houston, Texas 77010
   *Attorneys for Plaintiff*

- ☐ Via Certified Mail
- ☐ Via Regular Mail
- ☐ Via Hand Delivery
- ☒ Via Facsimile (713) 752-4221
- ☐ Via Courier_____

Joe E. Lea
McGinnis, Lochridge & Kilgore, LLP
600 Congress Avenue, Suite 2100
Austin, Texas 78701
   *Attorney for Defendant Spindustry*

- ☐ Via Certified Mail
- ☐ Via Regular Mail
- ☐ Via Hand Delivery
- ☒ Via Facsimile (512) 505-6365
- ☐ Via Courier_____

/s/ Kevin D. Jewell
Kevin D. Jewell

## INDEX OF DOCUMENTS FILED
## WITH REMOVAL ACTION

Exhibits:

    (a)      Plaintiff's Original Petition,

    (b)      Citation to FHLB

    (c)      Defendant Spindustry Systems Incorporated's Notice of Consent to
           Removal to Federal Court

    (d)      Docket Sheet (has been requested from court clerk - will supplement)

    (e)      Civil Cover Sheet (has been requested from court clerk – will supplement)

49

## LIST OF ATTORNEYS/PARTIES

1.    Gregory V. Brown
      SBOT: 00793409
      Chevazz G. Brown
      SBOT: 24059498
      Jackson Walker, LLP
      1401 McKinney, Suite 1900
      Houston, Texas 77010
      (713) 752-4200
      (713) 752-4221 - facsimile
      ATTORNEYS FOR PLAINTIFF

2.    Kevin D. Jewell
      SBOT: 00787769
      Jason R. Bernhardt
      SBOT: 24045488
      Chamberlain, Hrdlicka, White, Williams & Martin
      1200 Smith Street, Suite 1400
      Houston, Texas 77002
      (713) 654-9630
      (713) 658-2553 – facsimile
      ATTORNEYS FOR DEFENDANT
      THE FEDERAL HOME LOAN BANK
      OF DES MOINES

3.    Joe E. Lea
      SBOT: 00787769
      McGinnis, Lochridge & Kilgore, LLP
      600 Congress Avenue, Suite 2100
      Austin, Texas 78701
      (512) 495-6065
      (512) 505-6365 – facsimile
      ATTORNEYS FOR DEFENDANT
      SPINDUSTRY SYSTEMS INCORPORATED D/B/A
      SPINDUSTRY INTERACTIVE, INC.

50

## LIST OF ATTORNEYS/PARTIES

1.  Gregory V. Brown
    SBOT: 00793409
    Chevazz G. Brown
    SBOT: 24059498
    Jackson Walker, LLP
    1401 McKinney, Suite 1900
    Houston, Texas 77010
    (713) 752-4200
    (713) 752-4221 - facsimile
    ATTORNEYS FOR PLAINTIFF

2.  Kevin D. Jewell
    SBOT: 00787769
    Jason R. Bernhardt
    SBOT: 24045488
    Chamberlain, Hrdlicka, White, Williams & Martin
    1200 Smith Street, Suite 1400
    Houston, Texas 77002
    (713) 654-9630
    (713) 658-2553 – facsimile
    ATTORNEYS FOR DEFENDANT
    THE FEDERAL HOME LOAN BANK
    OF DES MOINES

3.  Joe E. Lea
    SBOT: 00787769
    McGinnis, Lochridge & Kilgore, LLP
    600 Congress Avenue, Suite 2100
    Austin, Texas 78701
    (512) 495-6065
    (512) 505-6365 – facsimile
    ATTORNEYS FOR DEFENDANT
    SPINDUSTRY SYSTEMS INCORPORATED D/B/A
    SPINDUSTRY INTERACTIVE, INC.

## INDEX OF DOCUMENTS FILED
## WITH REMOVAL ACTION

Exhibits:

    (a)    Plaintiff's Original Petition,

    (b)    Citation to FHLB

    (c)    Defendant Spindustry Systems Incorporated's Notice of Consent to Removal to Federal Court

    (d)    Docket Sheet (has been requested from court clerk - will supplement)

    (e)    Civil Cover Sheet (has been requested from court clerk – will supplement)

52



Cause No. _____

| | | |
|---|---|---|
| O'CONNOR ENTERPRISE GROUP, INC. d/b/a EPCGROUP.NET<br>Plaintiff, | § § § | IN THE JUDICIAL DISTRICT COURT |
| v. | § § § | |
| SPINDUSTRY SYSTEMS INCORPORATED d/b/a SPINDUSTRY INTERACTIVE, INC. and THE FEDERAL HOME LOAN BANK OF DES MOINES<br>Defendants. | § § § § § | OF HARRIS COUNTY, TEXAS |
| | § | JUDICIAL DISTRICT COURT |



### PLAINTIFF'S ORIGINAL PETITION

Plaintiff, O'Connor Enterprise Group, Inc. d/b/a EPCGroup.net ("EPC"), files this Original Petition against Spindustry Systems Incorporated d/b/a Spindustry Interactive, Inc. ("Spindustry") and the Federal Home Loan Bank of Des Moines (the "FHLB"), and shows as follows:

### I. Discovery Level

1.    Plaintiff intends to conduct discovery under Level 2 pursuant to Texas Rule of Civil Procedure 190.3.

### II. Parties

2.    Plaintiff, EPC, is a Nevada corporation with its principal place of business in Houston, Texas.

3.    The FHLB is a government-sponsored enterprise that is federally-chartered, but privately capitalized and independently managed. It may be served with service of process through its agent for service of process in Texas, the Texas Secretary of State pursuant to Chapter 17 of the Texas Civil Practice & Remedies Code as the FHLB has conducted business in Texas, but does not maintain an agent for service of process in Texas and this suit arises from the

5458565v.4 134668/00002

EXHIBIT
A

53

FHLB's business activities in Texas. The Texas Secretary of State may serve the FHLB through service upon its president or any officer of the FHLB at its home office or principal place of business: 801 Walnut Street, Suite 200, Skywalk Level, Des Moines, Iowa 50309.

4.     Spindustry is an Iowa corporation with its principal place of business in Clive, Iowa. It may be served with service of process through its agent for service of process in Texas, the Texas Secretary of State pursuant to Chapter 17 of the Texas Civil Practice & Remedies Code as Spindustry has conducted business in Texas, but does not maintain an agent for service of process in Texas and this suit arises from Spindustry's business activities in Texas. The Texas Secretary of State may serve Spindustry through service upon its president or any officer at its home office or principal place of business: 1370 NW 114th Street, Suite 300, Des Moines, Iowa 50325 or through service upon its registered agent, Thomas M. Cunningham, at 700 Walnut Street, Suite 1600, Des Moines, Iowa 50309.

### III.  Jurisdiction and Venue

5.     This Court has jurisdiction over this dispute as the amount in controversy greatly exceeds the jurisdictional minimum of this Court.

6.     Venue is proper in Harris County pursuant to Texas Civil Practice & Remedies Code § 15.002 as Harris County is the county in which all or a substantial part of the facts giving rise to this suit arose.

### IV.  Factual Background

7.     EPC is a technology and software consulting firm specializing in the implementation and integration of SharePoint Server ("SharePoint"), a Microsoft Office application. SharePoint is used to host internet or intranet websites, and allows businesses and organizations to facilitate collaboration, develop content-management features, and automate

business processes. EPC helps these businesses and organizations implement and integrate SharePoint into their operations.

8.      The FHLB is a federally-chartered corporation created under the authority of the Federal Home Loan Bank Act of 1932. The purpose of the FHLB, in part, is to provide cost-effective funding to its member banks for use in housing, community and economic development, to create homeownership opportunities for low and moderate income families and to serve as a source of liquidity for its member banks.

9.      One of the FHLB's goals is to assist in financing housing projects through its Affordable Housing Program ("AHP"). On information and belief, the AHP allows an applicant or project "sponsor" who seeks funding for a housing or community development project to submit an application, whereupon the FHLB and member banks authenticate, review, and reject or approve the application based upon financial criteria determined by the FHLB.

10.     In years prior, the AHP application process involved a long, complicated drudgery of paperwork which encumbered the loan process in bureaucratic red tape. The FHLB sought to streamline and improve the process by doing away with its outdated manual, paper-laden process and sought to use the efficiencies of modern technology in order to create a 21st century system. To that end, the FHLB hired EPC, a nationwide innovator and designer of SharePoint systems. EPC has been widely recognized for the quality of its SharePoint design services and has been recognized by Microsoft for the quality of its services. In fact, EPC's founder has authored books and papers on the implementation of SharePoint and is widely recognized as an expert in the field.

11.     In or about January of 2008, the FHLB entered into a Statement of Work, wherein, through its agent and/or co-principal, Spindustry, it hired EPC to convert its manual

AHP process to a fully automated, user-friendly system using SharePoint. The system would allow member banks and/or project sponsors to submit online applications for the purchase or rental of homes and would allow the FHLB and member banks to authenticate, review, and reject or approve applications online, thereby greatly increasing the efficiency of FHLB's system.

12.   At a March 18, 2008 "project kick-off meeting," EPC project team members met with Spindustry and FHLB representatives to discuss an overview of the project and to gather preliminary specifications and requirements. A project plan was thereafter agreed upon and a completion date was set for September of 2008. Following the initial meeting, representatives of Spindustry and FHLB directed telephone calls, correspondence and other communications to EPC in Texas regarding the project. Furthermore, Spindustry and FHLB knew and anticipated that all or a substantial portion of the work relating to the project would be performed in Texas, as well as other locations in which EPC had SharePoint resources. EPC, at great time and expense, proceeded diligently to design and build the automated system in accordance with the Statement of Work, the project plan (via verbal and email directions from Defendants), and FHLB specifications and requirements.

13.   After several weeks into the project, EPC had made substantial progress and was on schedule to complete the project by the specified date. However, in June of 2008, FHLB brought in a new project manager, and with him came a complete overhaul of the project's design, scope and direction. As a result, the design and functionality which EPC had created (and which the FHLB had agreed to and approved) required modification in order to comply with the new requirements not set forth in the scope of work agreed to by the parties. In effect, FHLB asked EPC to create and design an entirely new automated system in order to accommodate the last minute changes sought by the FHLB. Despite the eleventh hour changes,

5458565v.4 134668/00002

56

EPC worked diligently, accommodated these new demands and completed the modified project in or about January 2009, delivering a fully functional program.

14.     Upon completion of the project, in accordance with the terms of the Statement of Work, as well as the newly revised requirements proposed by the FHLB and Spindustry at the last minute, EPC sought payment for its services.  As is customary in the industry, EPC withheld delivery of the source code for the project pending payment, without which the FHLB could not fully deploy the system created by EPC.

15.     The FHLB, through its agent and/or co-principal, Spindustry, contacted EPC and requested access to the source code prior to payment.  When EPC stated that payment was required first, Spindustry, on behalf of itself and the FHLB,  assured and guaranteed EPC (1) that if the source code were released, EPC would be paid; (2) that the FHLB was a billion dollar bank and was "good for the money"; and (3) that Spindustry would see to it that EPC would be paid. EPC, based upon those assurances, released the source code.

16.     Yet, contrary to Spindustry's and the FHLB's representations, the FHLB is not "good for the money" and EPC has not been paid for the valuable services it performed for Spindustry and the FHLB.   Although the FHLB claims that it is allegedly experiencing difficulties with the system, the FHLB has not, cannot and refuses to specify the alleged problems with the system designed and built by EPC.  In fact, Spindustry has candidly admitted to EPC that it sees no reason why EPC has not been paid and believes that the bank's protests are without merit.

17.     Further, based upon its investigation to date, the claims of alleged problems with the system are false, because, based upon information and belief, the FHLB has begun using the

automated system notwithstanding its unjustified refusal to compensate EPC in accordance with the Statement of Work.

## V. Causes of Action

### BREACH OF CONTRACT

18.    EPC incorporates herein paragraphs 7 through 17.

19.    The FHLB has breached the Statement of Work, which is a valid and binding contract between the FHLB and EPC. Per the terms of the contract, EPC created, designed, and implemented an automated system in accordance with the scope of work, the original project plans, all modified project plans, and the FHLB's specifications and requirements. However, the FHLB has failed to perform under the terms of the contract in that it refuses to pay EPC for the services rendered. Such breach of contract has proximately caused substantial injury to EPC.

20.    Alternatively, Spindustry, the co-principal and/or agent of the FHLB, has breached the Statement of Work, which is a valid and binding contract between EPC and Spindustry by failing to pay EPC for its services. Additionally, Spindustry has breached its promise to pay EPC for services rendered. Spindustry agreed to pay EPC for the work it performed pursuant to the Statement of Work. However, Spindustry refuses to pay EPC despite EPC having fully performed. Such breach has proximately caused EPC substantial injury.

### NEGLIGENT MISREPRESENTATION

21.    EPC incorporates herein paragraphs 7 through 17.

22.    The FHLB negligently supplied EPC false information that it would pay EPC upon completion of the work it performed pursuant to the Statement of Work. It also supplied EPC false information that it would promptly pay EPC upon receipt of the source code. The FHLB failed to exercise reasonable care or competence in communicating such false

5458565v.4 134668/00002

58

information, and EPC justifiably relied on it. These negligent misrepresentations proximately caused EPC substantial injury and were made in the course of the FHLB's business or in a transaction in which it had a pecuniary interest.

23.    Alternatively, Spindustry, the co-principal and/or agent of the FHLB, negligently supplied EPC false information that it (or the FHLB) would pay EPC for the services it provided pursuant to the Statement of Work. It also supplied EPC false information that it (or the FHLB) would promptly pay EPC upon receipt of the source code. Spindustry failed to exercise reasonable care or competence in communicating such false information, and EPC justifiably relied on it. These negligent misrepresentations proximately caused EPC substantial injury and were made in the course of Spindustry's business or in a transaction in which it had a pecuniary interest.

### QUANTUM MERUIT AND UNJUST ENRICHMENT

24.    EPC incorporates herein paragraphs 7 through 17.

25.    In the alternative, EPC created, designed, and implemented an automated system for the benefit of the FHLB. In turn, the FHLB accepted EPC's services and, on information and belief, has begun using or intends to use the automated system in its AHP application process. The FHLB had reasonable notice that EPC expected to be compensated for the work it performed on the project. Therefore, EPC is entitled to the reasonable value of its services.

26.    Additionally, the FHLB obtained EPC's services and the offspring of such services by the taking of an undue advantage. The FHLB will be unjustly enriched should it not be required to pay EPC.

5458565v.4 134668/00002

CONVERSION

27.    EPC incorporates herein paragraphs 7 through 17.

28.    Until EPC is paid, it owns and has the right to immediate possession of the automated system which it created and designed.  Further, the automated system over which the FHLB wrongfully obtained and wrongfully exercises dominion or control is tangible intellectual property.  Demand for its return is futile as the FHLB's acts amount to a clear repudiation of EPC's rights.  EPC has suffered actual injury proximately caused by the FHLB's wrongful conversion of such property.

### VI.  Attorney's Fees

29.    EPC is entitled to recover its reasonable and necessary attorney fees in prosecuting this action pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code.

### VII.  Jury Demand

30.    Plaintiff demands trial by jury and hereby tenders the required jury fee.

### VIII.  Prayer

WHEREFORE PREMISES CONSDIERED, EPC requests that Defendants be cited to appear and answer the allegations set forth, and that upon final trial or hearing, EPC recover judgment against Defendants for:

    a.    actual damages in the full amount owed to EPC;

    b.    attorney's fees and costs;

    c.    prejudgment and post-judgment interest as allowed by law; and

    d.    such further and other relief to which it may be entitled.

5458565v.4 134668/00002

Signed on this 16ᵗʰ day of April, 2009.

Respectfully submitted,

JACKSON WALKER L.L.P.

By: _____
Gregory V. Brown
State Bar No. 00793409
Chevazz G. Brown
State Bar No. 24059498
1401 McKinney, Suite 1900
Houston, TX 77010
(713) 752-4200
(713) 752-4221 – Facsimile

ATTORNEYS FOR PLAINTIFF

5458565v.4 134668/00002

61

# The State of Texas



### Secretary of State

Citations Unit
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-0873
TTY (800) 735-2989
www.sos.state.tx.us

April 28, 2009

Federal Home Loan Bank Of Des Moines
801 Walnut Street
Suite 200
Skywalk Lev
Des Moines, IA 50309

> 2009-165241-3
> Include reference number in
> all correspondence

RE:  O Connor Enterprise Group Inc dba EPCGROUP.Net VS Spindustry Systems
     Incorporated dba Spindustry Inc
     125th Judicial District Court Of Harris County, Texas
     Cause No: 200923572

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt
requested, a copy of process received by the Secretary of State of the State of Texas on April
23, 2009.

CERTIFIED MAIL #71603901984813016780

Refer correspondence to:

Gregory V Brown
Jackson Walker
1401 McKinney Street
Suite 1900
Houston, TX 77010

Sincerely,

Helen Lupercio
Team Leader, Citations Unit
Statutory Documents Section

hl/vo
Enclosure



EXHIBIT
B

62

CAUSE NO. 200923572

| | | |
|---|---|---|
| RECEIPT NO. 2148 | 0.00 | ATY |
| 04-16-2009 | | TR # 72400837 |

PLAINTIFF: O'CONNOR ENTERPRISE GROUP INC (DBA EPCGROUP.NET)    In The 125th
     vs.                                                       Judicial District Court
DEFENDANT: SPINDUSTRY SYSTEMS INCORPORATED (DBA SPINDUSTRY IN  of Harris County, Texas
                                                              125TH DISTRICT COURT
                                                              Houston, TX

CITATION (SECRETARY OF STATE)

THE STATE OF TEXAS
County of Harris

TO: FEDERAL HOME LOAN BANK OF DES MOINES BY SERVING THROUGH THE TEXAS
    SECRETARY OF STATE OF TEXAS P O BOX 12079 AUSTIN TEXAS 78711 2079
    FORWARD TO
    801 WALNUT STREET SUITE 200 SKYWALK LEV  DES MOINES IA 50309

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 16th day of April, 2009, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 17th day of April, 2009, under my hand and
seal of said Court.

Issued at request of:                  LOREN JACKSON, District Clerk
BROWN, GREGORY VANN                    Harris County, Texas
1401 MCKINNEY ST1900                   201 Caroline     Houston, Texas 77002
HOUSTON, TX 77010                      (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 752-4200
Bar No.: 793409                        GENERATED BY: EASTLAND, KAREN FAY   KS9/IOJ/8380710

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock _____ .M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock _____.M., on the ____ day of _____,

_____, by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying _____        copy(ies) of the
                                                                          Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

Fee: $_____              00165241 - 3   _____

                                           _____ of _____ County, Texas

Case 4:09-cv-01483   Document 1-3    Filed in TXSD on 05/18/09   Page 1 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

O'CONNOR ENTERPRISE GROUP, INC.       §
d/b/a EPCGROUP.NET                     §
                                       §
        Plaintiff,                     §          CASE NO. _____
                                       §
v.                                     §
                                       §
SPINDUSTRY SYSTEMS                     §
INCORPORATED d/b/a SPINDUSTRY          §
INTERACTIVE, INC., and THE FEDERAL
HOME LOAN BANK OF DES MOINES

        Defendants.

## DEFENDANT SPINDUSTRY SYSTEMS INCORPORATED'S NOTICE OF CONSENT TO REMOVAL TO FEDERAL COURT

Defendant Spindustry Systems Incorporated d/b/a Spindustry Interactive, Inc., files this

consent to removal pursuant to 28 U.S.C. § 1446(b).

1.       Plaintiff is O'Connor Enterprise Group, Inc. d/b/a EPCGroup.net.  Defendant filing this

consent is Spindustry Systems Incorporated ("Spindustry").

2.       On April 16, 2009, plaintiff sued Spindustry and defendant The Federal Home Loan

Bank of Des Moines in the 125th Judicial District Court, Harris County, for breach of contract,

negligent misrepresentation, quantum meruit and unjust enrichment, and conversion.

3.       Spindustry was served with by virtue of Plaintiff's service on the Texas Secretary of State

on April 23, 2009.

4.       On the same date as this filing, Monday, May 18, 2009, Spindustry's co-defendant, The

Federal Home Loan Bank of Des Moines, filed its notice of removal to federal court.

5.       Defendant Spindustry agrees with the notice of removal and consents to removal of this

action to federal court.



Respectfully submitted,

McGINNIS, LOCHRIDGE & KILGORE, L.L.P.
600 Congress Ave.
Suite 2100
Austin, Texas  78701
(512) 495-6000
(512) 495-6093 FAX

By: _____
Joe. E. Lea
(Attorney-In-Charge)
State Bar No. 12082000
Southern District of Texas Bar No. 10089

Of Counsel:
McGINNIS, LOCHRIDGE & KILGORE, L.L.P.
Christopher J. Oddo
State Bar No. 24013257
Southern District of Texas Bar No. 27891
Scott S. Cooley
State Bar No. 00796394
Southern District of Texas Bar No. 27985
600 Congress Ave.
Suite 2100
Austin, Texas  78701
(512) 495-6000
(512) 495-6093 FAX

65

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant Spindustry Systems Incorporated d/b/a Spindustry Interactive, Inc.'s Consent to Removal, which has been sent to the following counsel of record by Facsimile and Certified Mail, Return Receipt Requested, on the 18th day of May, 2009.

Gregory V. Brown
Chevazz G. Brown
Jackson Walker L.L.P.
1401 McKinney, Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 (Fax)

Kevin Jewell
Chamberlain Hrdlicka
1200 Smith St.
14th Floor
Houston, Texas 77002-4310
(713) 654-9620
(713) 658-2553

Joe E. Lea

66

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JON EWING,<br><br>        Plaintiff,<br><br>v.<br><br>FEDERAL HOME LOAN BANK OF DES MOINES, RICHARD SWANSON, NICHOLAS SPAETH, AND MICHAEL GUTTAU,<br><br>        Defendants. | No. 4:09-cv-106<br><br><br>BRIEF IN SUPPORT OF RESISTANCE TO MOTION TO REMAND |

## TABLE OF CONTENTS

BACKGROUND ....................................................................................................................... 2

ARGUMENT.............................................................................................................................. 2

I.      Removal Is Proper Pursuant to 28 U.S.C. § 1441 Because the Court Has Subject Matter Jurisdiction Based on the Federal Home Loan Bank of Des Moines's Corporate Charter, and Codefendants Swanson, Spaeth and Guttau Consent to Removal. .............................. 2

II.    The Issue of Whether Removal Is Proper under 28 U.S.C. § 1442 Is Moot....................... 7

CONCLUSION........................................................................................................................... 7

Defendants Federal Home Loan Bank of Des Moines, Richard Swanson, Nicholas

Spaeth, and Michael Guttau submit this brief in support of their resistance to Plaintiff's motion

to remand.

## BACKGROUND

On March 11, 2009, Defendants Richard Swanson and Nicholas Spaeth removed this

action to Federal Court.  Defendants subsequently learned that Federal Home Loan Bank of Des

Moines and Michael Guttau had been served.  The Court issued a Prescreening Order on March

12, 2009, expressing doubt as to whether it has subject matter jurisdiction over the case.

Plaintiff filed a Motion to Remand on March 20, 2009.  Defendants filed an Amended Notice of

Removal on March 23, 2009, to reflect that Defendants Federal Home Loan Bank of Des Moines

and Michael Guttau had been served and to assert an alternate basis for removal under 28 U.S.C.

§ 1441.

## ARGUMENT

**I.      Removal Is Proper Pursuant to 28 U.S.C. § 1441 Because the Court Has Subject Matter
Jurisdiction Based on the Federal Home Loan Bank of Des Moines's Corporate
Charter, and Codefendants Swanson, Spaeth and Guttau Consent to Removal.**

The Federal Home Loan Bank corporate charter statute, 12 U.S.C. § 1432, provides that

once a Federal Home Loan Bank becomes a corporate entity, the bank will have power "to sue

and be sued, to complain and to defend, in any court of competent jurisdiction, State or Federal."

12 U.S.C. § 1432(a).  As discussed herein, this language from the corporate charter creates

federal subject matter jurisdiction.

In *American National Red Cross v. S.G.*, 505 U.S. 247 (1992), the U.S. Supreme Court

concluded the "sue and be sued" provision in the Red Cross's charter conferred original subject

matter jurisdiction in federal courts with regard to lawsuits involving the Red Cross as a party.[1]

More specifically, the Supreme Court evaluated whether the Red Cross's removal of a state court

tort case to federal court pursuant to 28 U.S.C. § 1441, contending that the court had jurisdiction

under 36 U.S.C. § 2, was proper.

In *Red Cross*, the Supreme Court reviewed its prior decisions deciding jurisdictional

issues relating to federally chartered corporations.  In *Osborn v. Bank of the United States*, 22

U.S. (9 Wheat.) 738 (1824), the charter language at issue provided that the bank could "sue and

be sued . . . in all State Courts having competent jurisdiction, and in any circuit court of the

United States."  The Supreme Court concluded that such charter language constituted an express

grant of federal jurisdiction over cases involving the bank.  In reaching that decision, the Court

distinguished an earlier case involving the bank's predecessor, *Bank of the United States v.

Deveaux*, 9 U.S. (5 Cranch) 61 (1809).  In *Deveaux*, the Court recognized that the charter

referred only to "courts of record" and did not specify federal courts.  The Supreme Court

therefore held in *Deveaux* that the charter was inadequate to establish federal jurisdiction.

In *The Pacific Railroad Removal* cases, 115 U.S. 1 (1885), the Supreme Court held that

the mere fact of federal incorporation pursuant to an Act of Congress creates federal jurisdiction

over cases involving such corporations.  Congress reacted to this decision by withdrawing

federal jurisdiction based solely on a railroad's federal incorporation; moreover, in 1925,

Congress limited the ability of a federally charted corporation to invoke federal jurisdiction

purely on the ground that it was federally chartered.  *See* 28 U.S.C. § 1349.[2]  As is discussed

---

[1] At the time the *Red Cross* case was decided, the statute containing the Red Cross charter 38 U.S.C. § 2, provided in pertinent part that the Red Cross "shall have . . . the power to sue and be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States."

[2] The predecessor to 28 U.S.C. § 1349 was enacted in 1925.  *See* Act of Feb. 13, 1925, ch. 229, § 12, 43 Stat. 941.

3

herein, those enactments do not undermine the creation of federal jurisdiction under sue and be sued provisions of federal corporate charters.

Cases decided after *The Pacific Railroad Removal Cases* and the aforementioned enactments confirmed subject matter jurisdiction based upon appropriate federal corporate charter language is proper.  In *Bankers Trust Co. v. Texas & Pacific Railway Co.*, 241 U.S. 295 (1916), the Supreme Court interpreted charter language that empowered a railroad to sue and be sued "in all courts of law and equity within the United States" but did not expressly refer to federal courts.  *Id.* at 302.  The Supreme Court held the charter language was comparable to that interpreted in *Deveaux*, and held that such general language did not create federal jurisdiction. *Id.* at 304-05.

In *D'Oench, Duhme & Co. v. Federal Deposit Insurance Corp.*, 315 U.S. 447 (1942), the Supreme Court concluded a federal charter authorizing the FDIC, a federal corporation, to sue or be sued "in any court of law or equity, State or Federal" was adequate to create federal jurisdiction.  *Id.* at 455.

*Red Cross* recognized that all of these cases "support the rule that a congressional charter's 'sue and be sued' provision may be read to confer federal court jurisdiction if, but only if, it specifically mentions the federal courts."  *Red Cross*, 505 U.S. at 255.  The Supreme Court explained as follows:

> The rule established in these cases makes it clear that the Red Cross charter's "sue and be sued" provision should be read to confer jurisdiction.  In expressly authorizing the organization to sue and be sued in federal courts, using language resulting in a "sue and be sued" provision in all relevant respects identical to one on which we based a holding of federal jurisdiction just five years before, the provision extends beyond a mere grant of general corporate capacity to sue, and suffices to confer federal jurisdiction.

*Red Cross*, 505 U.S. at 257.

Although Defendants have not been able to find a published decision analyzing whether the sue and be sued provision of the Federal Home Loan Bank corporate charter statute creates federal jurisdiction, a recent decision from a federal court of appeals analyzed comparable corporate charter language applicable to Fannie Mae, and held such language created federal jurisdiction. In *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Raines*, 534 F.3d 779 (D.C. Cir. 2008),[3] the District of Columbia Circuit interpreted a sue and be sued clause from the statute enacting the federal corporate charter of Fannie Mae. The language at issue in that federal corporate charter statute states as follows:

> Each of the bodies corporate named in Section 1717(a)(2) of this title shall have power . . . in its corporate name, to sue and to be sued, and to complain and to defend, in any court of competent jurisdiction, State or Federal . . . .

12 U.S.C. § 1723a(a).

The court applied *Red Cross* and concluded federal jurisdiction was proper because the Fannie Mae sue and be sued provision expressly refers to the federal courts in a manner similar to the *Red Cross* statute. *Pirelli*, 534 F.3d at 784. The court of appeals recognized the distinct language contained in the Fannie Mae sue and be sued clause; specifically, the court addressed the language "any court of competent jurisdiction, State or Federal." *Id.* at 784. The court concluded, analyzing this particular language, that the statutory provision created federal subject matter jurisdiction in Fannie Mae cases. *Id.* at 785.[4]

---

[3] In *Pirelli*, Fannie Mae shareholders brought a derivative action in federal court.

[4] The court of appeals noted its decision was consistent with the majority of district courts deciding the question with regard to Fannie Mae since the *Red Cross* opinion, citing *Grun v. Countrywide Home Loans, Inc.*, 2004 WL 1509088, at *2 (W.D. Tex. July 1, 2004); *Connelly v. Federal Nat'l Mortgage Ass'n*, 251 F. Supp. 2d 1071, 1073 (D. Conn. 2003); *C.C. Port, Ltd. v. Davis-Penn Mortgage Co.*, 891 F. Supp. 371, 372 (N.D. Tex. 1994), affirmed, 58 F.3d 636 (5th Cir. 1995); *Peoples Mortgage Co. v. Federal Nat'l Mortgage Ass'n*, 856 F. Supp. 910, 917 (E.D. Pa.

More specifically, in analyzing the language, "of competent jurisdiction," the court of appeals reasoned that the term was intended to mean as follows:

> (i) litigants in state courts of limited jurisdiction must satisfy the appropriate jurisdictional requirements, *see Osborn*, 22 U.S. (9 Wheat) at 817-18 (finding federal jurisdiction because of statute empowering a federal corporation "to sue and be sued . . . in all state courts having competent jurisdiction, and in any circuit court of the United States");

> (ii) litigants, whether in federal or state court, must establish the court's personal jurisdiction over the parties, s*ee Blackmar v. Guerre*, 342 U.S. 512, 516 (1952) (noting that a "court of competent jurisdiction" for purpose of hearing suits against civil service commissioners must be one that possessed personal jurisdiction over those commissioners; *see also United States v. Morton*, 467 U.S. 822, 828 (1984);

> (iii) litigants relying on the "sue-and-be-sued" provision can sue in federal district courts but not necessarily in all federal courts, *see Red Cross*, 505 U.S. at 256 n.8; *id.* at 267 (Scalia, J., dissenting); Brief of Petitioner at 30-31, *American National Red Cross v. S.G.*, 505 U.S. 247 (1992) (No. 91-594) ("it is obvious that the district courts are intended" to receive the jurisdiction conferred in "sue-and-be-sued" clauses);

> (iv) where the Tucker Act otherwise might funnel cases to the Court of Federal Claims, the federal district courts still possess jurisdiction, *see Ferguson v. Union National Bank*, 126 F.2d 753, 756 (4th Cir. 1942) (applying "of competent jurisdiction" language in 12 U.S.C. § 1702: "It could hardly have been intended by Congress that suits for over $10,000 against the Administrator could be brought in any state court of general jurisdiction, but in the federal jurisdiction only in the Court of Claims . . . .").

*Pirelli,* 534 F.3d at 785 (internal citations omitted).[5]

---

1994).  *Pirelli*, 534 F.3d at 785.  The court of appeals noted there were two district court decisions reaching a contrary conclusion, *see Knuckles v. RBMG, Inc.*, 481 F. Supp. 2d 559, 563 (S.D.W.Va. 2007); *Federal Nat'l Mortgage Ass'n v. Sealed*, 457 F. Supp. 2d 41, 44-46 (D.D.C. 2006).  The court of appeals stated it disagreed with these two district court opinions.

[5] In *Pirelli*, the court of appeals also found significant the fact that in *Red Cross*, the United States as amicus curiae supporting the petitioner had argued that comparable "of competent jurisdiction" language established federal jurisdiction.  *See* Brief for the United States as Amicus Curiae Supporting Petitioner at 5-6, *American National Red Cross v. S.G.*, 505 U.S. 247 (1992) (No. 91-594) (arguing the Supreme Court's sue and be sued decisions "have

6

Like the Fannie Mae corporate charter language analyzed in Pirelli, the Federal Home Loan Bank corporate charter states in pertinent part that each Federal Home Loan Bank will have power "to sue and be sued, to complain and to defend, in any court of competent jurisdiction, State or Federal." 12 U.S.C. § 1432(a). Removal under 28 U.S.C. § 1441 and 12 U.S.C. § 1432 is therefore sufficient to establish federal jurisdiction.

## II.   The Issue of Whether Removal Is Proper under 28 U.S.C. § 1442 Is Moot.

Defendants' filing of the Amended Notice of Removal with an alternate basis for jurisdiction renders moot Plaintiff's Motion to Remand, to the extent it addresses the basis for jurisdiction set forth in the March 11, 2009 Notice of Removal.

### <u>CONCLUSION</u>

WHEREFORE, for the foregoing reasons, Defendants Federal Home Loan Bank of Des Moines, Richard Swanson, Nicholas Spaeth, and Michael Guttau respectfully request that the Court deny Plaintiff's Motion to Remand in its entirety.

/s/Frank Harty
/s/Debra L. Hulett
Nyemaster, Goode, West,
    Hansell & O'Brien, P.C.
700 Walnut Street, Suite 1600
Des Moines, Iowa 50309
Telephone: 515-283-3100
Facsimile: 515-283-8045
Email: fharty@nyemaster.com
Email: dlhulett@nyemaster.com

ATTORNEYS FOR DEFENDANTS

---

established a clear rule that congressional charters provide for original jurisdiction in the federal courts whenever they specifically grant a right to sue and be sued in federal courts").

**Certificate of Service**

I hereby certify that on March 24, 2009, I presented the foregoing to the Clerk of the Court for filing and uploading into the ECF system, which will send notification of such filing to the following:

Roxanne Barton Conlin
Roxanne Conlin & Associates, P.C.
The Griffin Building
319 Seventh Street, Suite 600
Des Moines, Iowa   50309
Email:  rconlin&roxanneconinlaw.com

/s/ Debra L. Hulett

8

75

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JON EWING, | No. 4:09-cv-106 |
| Plaintiff, | |
| | AMENDED NOTICE OF REMOVAL |
| v. | |
| FEDERAL HOME LOAN BANK OF DES MOINES, RICHARD SWANSON, NICHOLAS SPAETH, AND MICHAEL GUTTAU, | |
| Defendants. | |

Defendants Federal Home Loan Bank of Des Moines, Richard Swanson, Nicholas Spaeth, and Michael Guttau submit this Amended Notice of Removal to reflect service on all defendants and to assert an alternate basis for removal under 28 U.S.C. § 1441, and in support thereof state:

1.     On January 6, 2009, this action was commenced against the Defendants in the Iowa District Court for Polk County, and was pending in that county captioned as *Jon Ewing v. Federal Home Loan Bank of Des Moines, Richard Swanson, Nicholas Spaeth, and Michael Guttau*, Law No. CL111575.

2.     A copy of the Original Notice is attached to the Amended Notice of Removal as Exhibit A and by this reference is incorporated herein.

3.     A copy of the Petition at Law and Jury Demand is attached to the Amended Notice of Removal as Exhibit B and by this reference is incorporated herein.

1

4.      A copy of Plaintiff's First Requests for Production of Documents served with the Original Notice and Petition at Law and Jury Demand is attached to the Amended Notice of Removal as Exhibit C and by this reference is incorporated herein.

5.      A copy of Plaintiff's First Set of Interrogatories Provided to Defendants served with the Original Notice and Petition at Law and Jury Demand is attached to the Amended Notice of Removal as Exhibit D and by this reference is incorporated herein.

6.      A copy of the Notice of Removal of Civil Action filed with the Iowa District Court in and for Polk County on March 11, 2009 is attached to the Amended Notice of Removal as Exhibit E and by this reference is incorporated herein.

7.      Service of the Original Notice and Petition at Law and Jury Demand was effected on Defendant Richard Swanson on February 24, 2009.

8.      Service of the Original Notice and Petition at Law and Jury Demand was effected on Defendant Nicholas Spaeth on March 10, 2009.

9.      Service of the Original Notice and Petition at Law and Jury Demand was effected on Defendant Michael Guttau on March 3, 2009.

10.     Service of the Original Notice and Petition at Law and Jury Demand was effected on Defendant Federal Home Loan Bank of Des Moines on March 3, 2009.

11.     There have been no further proceedings in the Iowa District Court for Polk County in this case.

12.     This action is a civil action arising out of the Plaintiff's past employment with the Federal Home Loan Bank of Des Moines.  Plaintiff has pled a violation of the Iowa Civil Rights Act, Iowa Code ch. 216, as well as a claim under Iowa Code ch. 729.

2

78

13.     Defendant Federal Home Loan Bank of Des Moines is a federal instrumentality organized under the Federal Home Loan Bank Act, 12 U.S.C. §§ 1421, *et seq.*

14.     As a federally chartered entity, Defendant Federal Home Loan Bank of Des Moines is subject to the "sue and be sued" clause of the statute enacting the federal corporate charter for Federal Home Loan Banks. 12 U.S.C. § 1432. The statute confers federal subject matter jurisdiction over cases in which a Federal Home Loan Bank such as the Federal Home Loan Bank of Des Moines is a party. 12 U.S.C. § 1432; *see also American National Red Cross v. S.G.*, 505 U.S. 247, 257 (1992); *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Raines*, 534 F.3d 779, 788 (D.C. Cir. 2008).

15.     This action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441 without regard to the citizenship or residence of the parties.

16.     Defendants Richard Swanson, Nicholas Spaeth, and Michael Guttau hereby consent to the removal.

17.     This Amended Notice of Removal is filed with the Court within 30 days after service of the Original Notice and Petition at Law and Jury Demand on Defendants.

18.     A copy of the Amended Notice of Removal is being filed in the Iowa District Court for Polk County.

THEREFORE, Defendants Richard Swanson, Nicholas Spaeth, Federal Home Loan Bank of Des Moines, and Michael Guttau give notice that the above-entitled action is removed from the Iowa District Court for Polk County to this Court.

/s/Frank Harty
/s/Debra L. Hulett
Nyemaster, Goode, West,
    Hansell & O'Brien, P.C.
700 Walnut Street, Suite 1600
Des Moines, Iowa 50309
Telephone: 515-283-3100
Facsimile: 515-283-8045
Email: fharty@nyemaster.com
Email: dlhulett@nyemaster.com
ATTORNEYS FOR DEFENDANTS

### Certificate of Service

I hereby certify that on March 23, 2009, I presented the foregoing to the Clerk of the Court for filing and uploading into the ECF system, which will send notification of such filing to the following:

Roxanne Barton Conlin
Roxanne Conlin & Associates, P.C.
The Griffin Building
319 Seventh Street, Suite 600
Des Moines, Iowa   50309
Email:  rconlin&roxanneconlinlaw.com

/s/ Debra L. Hulett

4

80

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JON EWING, | * |
| | * |
| Plaintiff, | *   4:09-cv-106 |
| | * |
| v. | * |
| | * |
| FEDERAL HOME LOAN BANK OF | * |
| DES MOINES; RICHARD SWANSON; | * |
| NICHOLAS SPAETH; and | * |
| MICHAEL GUTTAU, | * |
| | *   ORDER |
| Defendants. | * |
| | * |

On January 6, 2009, Plaintiff filed a Petition in state court against Defendants alleging age and race discrimination, in violation of the Iowa Code.[1] Defendant Nicholas Spaeth filed a Notice of Removal on March 11, 2009, alleging that removal of the action is proper pursuant to 28 U.S.C. § 1442(a). Clerk's No. 1. On March 12, 2009, this Court entered a pre-screening order, wherein it expressed concern as to whether subject matter jurisdiction over this case is proper under § 1442(a). Clerk's No. 2. The Court ordered Defendant Spaeth to file a brief addressing the Court's concerns by March 25, 2009. *Id.*

On March 20, 2009, Plaintiff filed a Motion to Remand the case to state court, essentially echoing the Court's concerns about the propriety of subject matter jurisdiction under § 1442(a). On March 23, 2009, Defendant Spaeth filed an Amended Notice of Removal which asserts an

---

[1] Plaintiff's Petition asserts two Counts: 1) race and age discrimination under Iowa Code Chapter 216.6 and 2) violation of Iowa Code Chapter 729.4. The Court notes that Iowa Code § 729.4 is a criminal statute, providing that any "employer . . . convicted of a violation of subsection 1 [discriminating in the employment of individuals because of race, religion, color, sex, national origin, or ancestry] . . . shall be guilty of a simple misdemeanor."

82

alternative basis for removal, namely that Defendant Federal Home Loan Bank is subject to the "sue and be sued" clause of the statute enacting its federal corporate charter, and that removal is therefore proper under 28 U.S.C. § 1441(b). On March 24, 2009, Defendant Spaeth filed a resistance to the Motion to Remand, asserting that the motion is moot in light of the Amended Notice of Removal. Clerk's No. 7.

Title 28, United States Code § 1441(b) provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the . . . laws of the United States shall be removable without regard to the citizenship of the parties." The federal statute governing the incorporation of Federal Home Loan Bank provides that, upon meeting the requirements to become a "body corporate," Federal Home Loan Bank became empowered to "sue and be sued, to complain and defend, in any court of competent jurisdiction, State or Federal." 12 U.S.C. § 1432(a). The United States Supreme Court has interpreted nearly identical language as sufficient to sustain original jurisdiction in federal court. *See American Nat'l Red Cross v. S.G.*, 505 U.S. 247, 257 (1992) ("In expressly authorizing the organization to sue and be sued in federal courts . . . the provision extends beyond a mere grant of general corporate capacity to sue, and suffices to confer federal jurisdiction.").

Accordingly, the Court is convinced that the present action is properly removable pursuant to 28 U.S.C. § 1441(b) because Defendant Federal Home Loan Bank is a federally chartered entity under the Federal Home Loan Bank Act, 12 U.S.C. § 1421 et seq., that is entitled to sue and be sued in federal court.[2] Subject matter jurisdiction over the case is, therefore, appropriate and Plaintiff's Motion to Remand (Clerk's No. 5) is DENIED as moot.

---

[2] In an e-mail to the Court and opposing counsel, dated April 7, 2009, Plaintiff concedes that "the ground stated in the amendment is in fact a proper ground for federal jurisdiction."

IT IS SO ORDERED.

Dated this ___8th___ day of April, 2009.

_____
ROBERT W. PRATT, Chief Judge
U.S. DISTRICT COURT

# EXHIBIT E

Exhibit 3.1

EXHIBIT B to Federal Home Loan
Bank Board Resolution No. 17,677,
dated December 31, 1963.

ORGANIZATION CERTIFICATE

THE FEDERAL HOME LOAN BANK OF

SPOKANE

The undersigned directors of the Federal Home Loan Bank of Spokane, all of whom are citizens of the United States and bona fide residents of the district in which this Bank is located, having been appointed by the Federal Home Loan Bank Board:

NOW, THEREFORE, pursuant to the Act of Congress known as the Federal Home Loan Bank Act, approved July 22, 1932, as amended, this Organization Certificate is made and executed.

1. The title of this Bank shall be the FEDERAL HOME LOAN BANK OF SPOKANE.

2. The location of the principal office of this Bank shall be in the City of Spokane, State of Washington, or at such other city as the Federal Home Loan Bank Board may from time to time determine.

3. This Bank shall be established in the City of Spokane, State of Washington, in District Number 12, as defined by the Federal Home Loan Bank Board, or as may from time to time be adjusted or modified by said Board. Said District Number 12 as now defined is as follows:

The States of Alaska, Hawaii, Idaho, Montana, Oregon, Utah, Washington, and Wyoming, and Guam.

4. This Bank shall engage in the business authorized by said Act, and it shall exercise such powers as are permitted or prescribed by said Act, subject to the supervision of the Federal Home Loan Bank Board.

5. This Certificate is made for the purpose of carrying out the provisions of the Act aforesaid and such other Acts as may be passed by Congress amending or supplementing said Act, in so far as it or they may be applicable to the Federal Home Loan Bank of Spokane, and is subject to such changes or additions, not inconsistent with law, as the Federal Home Loan Bank Board may deem necessary or expedient and may from time to time direct.

6. This Bank shall have succession until dissolved by the Federal Home Loan Bank Board under the Federal Home Loan Bank Act, as amended, or by further Act of Congress.

86

# EXHIBIT F

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
### Washington, D.C. 20549

# FORM 10-K

☒    ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

**For the fiscal year ended December 31, 2009**

OR

☐    TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

Commission File No.: 000-51406

# FEDERAL HOME LOAN BANK OF SEATTLE
### (Exact name of registrant as specified in its charter)

| | |
|---|---|
| **Federally chartered corporation** | **91-0852005** |
| (State or other jurisdiction of | (I.R.S. Employer |
| incorporation or organization) | Identification No.) |
| | |
| **1501 Fourth Avenue, Suite 1800, Seattle, WA** | **98101-1693** |
| (Address of principal executive offices) | (Zip Code) |

**Registrant's telephone number, including area code: (206) 340-2300**

Securities registered pursuant to Section 12(b) of the Act:   None
Title of Each Class:   None

| | |
|---|---|
| Securities registered pursuant to Section 12(g) of the Act: | Name of Each Exchange on Which Registered: |
| **Class B Common Stock, $100 par value per share** | |
| (Title of class) | **N/A** |

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act.   Yes ☐   No ☒

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act.   Yes ☐ No ☒

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.   Yes ☒   No ☐

Indicate by check mark whether the registrant has submitted electronically and posted on its corporate Web site, if any, every Interactive Data File required to be submitted and posted pursuant to Rule 405 of Regulation S-T during the preceding 12 months (or for such shorter period that the registrant was required to submit and post such files).       Yes ☐ No ☐

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K is not contained herein, and will not be contained, to the best of registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K or any amendment to this Form 10-K.   ☒

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, or a smaller reporting company. See the definitions of "large accelerated filer," "accelerated filer" and "smaller reporting company" in Rule 12b-2 of the Exchange Act.

| | |
|---|---|
| Large accelerated filer ☐ | Accelerated filer ☐ |
| Non-accelerated filer ☒ | Smaller reporting company ☐ |

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Exchange Act.)   Yes ☐   No ☒

Registrant's stock is not publicly traded and is only issued to members of the registrant. Such stock is issued and redeemed at par value, $100 per share, subject to certain regulatory and statutory limits. As of June 30, 2009, the aggregate par value of the shares of capital stock of the registrant was $2,793,326,000. As of February 28, 2010, Seattle Bank had outstanding 1,588,642 shares of its Class A capital stock and 26,373,842 shares of its Class B capital stock.

***We could become liable for all or a portion of the consolidated obligations of any or all of the FHLBanks.***

Although we are primarily liable for the allocated portion of consolidated obligations issued on our behalf by the Office of Finance, we also are jointly and severally liable with the other 11 FHLBanks for the payment of principal and interest on all of the consolidated obligations of the FHLBank System. The Finance Agency, at its discretion, may require any FHLBank to make the principal or interest payments due on any FHLBank's consolidated obligation, even in the absence of a default of an FHLBank, allocating the liability among one or more FHLBanks on a pro rata basis or on any other basis. Although no FHLBank has ever defaulted on a consolidated obligation and the joint and several requirements have never been invoked, we could incur significant liability beyond our primary obligations due to the failure of other FHLBanks to meet their obligations if the Finance Agency decided to make us liable for another FHLBank's consolidated obligations. Any such liability would negatively affect our financial condition and results of operations, as well as further limit our ability to pay dividends or repurchase or redeem our member capital stock.

In addition, in 2006, the FHLBanks entered into an agreement where in the event that one or more FHLBanks does not fund its principal and interest payments under a consolidated obligation by deadlines agreed upon by the FHLBanks, the other FHLBanks will be responsible for those payments as described in the agreement. Although no FHLBank has failed to timely fund its principal and interest payments since the agreement was put into place, we could incur increased short-term borrowing costs if we should be required to participate in making such payments under the agreement.

# ITEM 1B. UNRESOLVED STAFF COMMENTS

Not applicable.

# ITEM 2. PROPERTIES

We currently occupy 46,872 square feet of leased space at our headquarters in Seattle, Washington. Our total leased space at this location is 91,374 square feet under a 10-year lease, which expires in April 2013. In December 2006, we executed a sublease for 21,430 square feet of unused space at our headquarters beginning on April 1, 2007 and expiring on April 30, 2013. In March 2007, we executed a sublease for an additional 7,406 square feet of unused office space at our headquarters beginning on November 1, 2007 and expiring on April 30, 2013, and in October 2008, we executed a sublease for an additional 15,666 square feet of unused office space at our headquarters expiring on April 30, 2013. We lease 2,920 square feet of space at a second location in the Seattle area, as a disaster recovery facility, under a 10-year lease, which expires in February 2013, and 250 square feet of space as a recovery data center in Spokane, Washington, which expires in July 2013.

45

89

# EXHIBIT G

# Federal Home Loan
## Bank Seattle

Home | Our Company | Membership | Member Directory

**Membership**        MEMBER DIRECTORY

- Member
  Directory
- Eligibility
  Requirements

**Leadership**

**Financial Highlights**

**Corporate Governance**

**Business Continuity**

**Employment**

**News**

**Events**

**Holiday Schedule**

Seattle Bank members are listed below according to their charter state. Members may have branches or affiliates in other states; for more information please consult the member's Web site.

-- Select a State --

**Alaska**
Alaska Pacific Bank    Juneau
Alaska USA Federal Credit Union    Anchorage
Credit Union 1    Anchorage
Denali Alaskan Federal Credit Union    Anchorage
Denali State Bank    Fairbanks
First Bank    Ketchikan
First National Bank Alaska    Anchorage
Mt. McKinley Bank    Fairbanks
Northrim Bank    Anchorage
Spirit of Alaska Federal Credit Union    Fairbanks
Tongass Federal Credit Union    Ketchikan

**American Samoa**
Amerika Samoa Bank    Pago Pago

**Guam**
ANZ Guam, Inc.    Hagatna
Bank of Guam    Hagatna
BankPacific    Hagatna
Community First Guam FCU    Hagatna
Coast360 Federal Credit Union    Maite

**Hawaii**
Aloha Pacific Federal Credit Union    Honolulu
American Savings Bank, F.S.B.    Honolulu
Bank of Hawaii    Honolulu
Central Pacific Bank    Honolulu
Finance Factors, Limited    Honolulu
First Hawaiian Bank    Honolulu
Hawaii Community Federal Credit Union    Kailua-Kona
Hawaii Federal Credit Union    Honolulu
Hawaii National Bank    Honolulu
Hawaii Schools Federal Credit Union    Honolulu
Hawaii State Federal Credit Union    Honolulu
HawaiiUSA Federal Credit Union    Honolulu
Pacific Rim Bank    Honolulu
Territorial Savings Bank    Honolulu
Wailuku Federal Credit Union    Wailuku
West Oahu Community Federal Credit Union    Kalaeloa

**Idaho**
bank cda    Coeur d'Alene
Bank of Idaho    Idaho Falls
Bank of Commerce    Ammon
Citizens Community Bank    Pocatello
D. L. Evans Bank    Burley
East Idaho Credit Union    Idaho Falls
Farmers National Bank of Buhl    Buhl
First Bank of Idaho, F.S.B.    Ketchum
First Federal Savings Bank of Twin Falls    Twin Falls
Home Federal Bank    Nampa
Idaho Banking Company    Boise
Idaho Central Credit Union    Chubbuck
Idaho First Bank    McCall
Idaho Independent Bank    Coeur d'Alene
Idaho Trust National Bank    Boise
Ireland Bank    Malad City
Mountain West Bank    Coeur d'Alene

Panhandle State Bank   Sandpoint
Potlatch No. 1 Federal Credit Union   Lewiston
Syringa Bank   Boise
United Heritage Life Insurance Company   Meridian
Western Capital Bank   Boise

Montana
1st Bank   Sidney
1st Liberty Federal Credit Union   Great Falls
American Bank   Bozeman
American Federal Savings Bank   Helena
Bank of Baker   Baker
Bank of Bozeman   Bozeman
Bank of Bridger, N.A.   Bridger
Bank of Montana   Missoula
Bank of the Rockies, N.A.   White Sulphur Springs
Basin State Bank   Stanford
Belt Valley Bank   Belt
Big Sky Western Bank   Bozeman
Bitterroot Valley Bank   Lolo
Citizens Bank & Trust Company   Big Timber
Citizens State Bank of Choteau   Choteau
Community Bank   Ronan
Community Bank-Missoula   Missoula
Dutton State Bank   Dutton
Farmers State Bank   Victor
First Bank of Montana, Inc   Lewiston
First Boulder Valley Bank   Boulder
First Citizens Bank of Butte   Butte
First Citizens Bank of Polson   Polson
First Community Bank   Glasgow
First Interstate Bank   Billings
First Madison Valley Bank   Ennis
First Montana Bank   Missoula
First National Bank of Fairfield   Fairfield
First Security Bank   Bozeman
First Security Bank of Deer Lodge   Deer Lodge
First Security Bank of Malta   Malta
First Security Bank of Missoula   Missoula
First State Bank of Forsyth   Forsyth
First Valley Bank   Seeley Lake
Flathead Bank of Bigfork   Bigfork
Flint Creek Valley Bank   Philipsburg
Gateway Community FCU   Missoula
Glacier Bank   Kalispell
Glacier Bank of Whitefish   Whitefish
Independence Bank   Havre
Lake County Bank   St. Ignatius
Manhattan Bank   Manhattan
Missoula Federal Credit Union   Missoula
Montana First Credit Union   Missoula
Montana State Bank   Plentywood
Mountain West Bank of Kalispell, N.A.   Kalispell
Mountain West Bank, N.A.   Helena
Pioneer Federal Savings and Loan Association   Dillon
Ravalli County Bank   Hamilton
Rocky Mountain Bank   Billings
Ruby Valley National Bank   Twin Bridges
State Bank & Trust Company   Dillon
State Bank of Townsend   Townsend
Stockman Bank of Montana   Miles City
Summit Credit Union   Billings
Three Rivers Bank of Montana   Kalispell
Treasure State Bank   Missoula
United Bank, N.A.   Absarokee
Valley Bank   Glasgow
Valley Bank of Helena   Helena
Valley Bank of Kalispell   Kalispell
Valley Bank of Ronan   Ronan
Valley Federal Credit Union of Montana   Billings
West One Bank   Kalispell
Western Bank of Wolf Point   Wolf Point
Western Security Bank   Billings
Whitefish Credit Union Association   Whitefish
Yellowstone Bank   Laurel

Oregon
Advantis Credit Union   Milwaukie
Albina Community Bank   Portland
Bank of America Oregon, N.A.   Portland
Bank of Eastern Oregon   Heppner
Bank of Oswego   Lake Oswego
Bank of the Cascades   Bend
Capital Pacific Bank   Portland
Centerpointe Community Bank   Hood River
Central Willamette Community Credit Union   Albany
Century Bank   Eugene
Chetco Federal Credit Union   Harbor
Citizens Bank   Corvallis
Clackamas County Bank   Sandy
Clatsop Community Bank   Seaside
Columbia Community Bank   Hillsboro
Columbia River Bank   The Dalles
Commerce Bank of Oregon   Portland
Community Bank   Joseph
Community First Bank   Prineville
Evergreen Federal Savings and Loan Association   Grants Pass
First Federal Savings and Loan Association of McMinnville   McMinnville
First Technology Credit Union   Beaverton
High Desert Bank   Bend
Home Valley Bank   Cave Junction
Lewis & Clark Bank   Oregon City
LibertyBank   Eugene
Marion and Polk Schools Credit Union   Salem
MBank   Gresham
Northwest Bank   Lake Oswego
Northwest Community CU   Springfield
OnPoint Community Credit Union   Portland
O.S.U. Federal Credit Union   Corvallis
Oregon Coast Bank   Newport
Oregon Community Credit Union   Eugene
Oregon Dental Service   Portland
Oregon First Community Credit Union   Coquille
Oregon Pacific Banking Company   Florence
Pacific Continental Bank   Eugene
Pacific Crest Federal Credit Union   Klamath Falls
Pacific West Bank   West Linn
Pacific NW Federal Credit Union   Portland
People's Bank of Commerce   Medford
Point West Credit Union   Portland
PremierWest Bank   Medford
Rogue Federal Credit Union   Medford
SELCO Community Credit Union   Eugene
Silver Falls Bank   Silverton
Siuslaw Bank   Florence
SOFCU Community CU   Grants Pass
South Valley Bank & Trust   Klamath Falls
St. Helens Community Federal Credit Union   St. Helens
Summit Bank   Eugene
TLC Federal Credit Union   Tillamook
Umpqua Bank   Roseburg
Unitus Community Credit Union   Portland
Wauna Federal Credit Union   Clatskanie
West Coast Bank   Lake Oswego
Willamette Community Bank   Albany
Willamette Valley Bank   Salem

Utah
America West Bank Inc.   Layton
American Bank of Commerce   Provo
America First Credit Union   Riverdale
Bank of American Fork   American Fork
Bank of Utah   Ogden
Barnes Banking Company   Kaysville
Beehive Credit Union   Salt Lake City
BMW Bank of North America   Salt Lake City
Cache Valley Bank   Logan
Capital Community Bank   Provo
Capmark Bank   Salt Lake City
Celtic Bank Corporation   Salt Lake City
Centennial Bank, Inc.   Ogden
Central Bank   Provo

CIT Bank  Salt Lake City
Deseret First Credit Union  Salt Lake City
Escrow Bank USA  Salt Lake City
First National Bank of Layton  Layton
First National Bank of Morgan  Morgan
First Utah Bank  Salt Lake City
Franklin Templeton Bank & Trust, F.S.B.  Salt Lake City
Frontier Bank, FSB  Park City
Goldenwest Credit Union  Ogden
Gunnison Valley Bank  Gunnison
Heritage Bank  St. George
Home Savings Bank  Salt Lake City
Jordan Federal Credit Union  Sandy
Lewiston State Bank  Lewiston
Liberty Bank  Salt Lake City
Merrill Lynch Bank USA  Salt Lake City
Morgan Stanley Bank  West Valley City
Mountain America Federal Credit Union  West Jordan
Mountain High Federal Credit Union  Spanish Fork
Proficio Bank  Salt Lake City
Republic Bank, Inc.  Bountiful
Security National Life Insurance Company  Salt Lake City
SouthWest Community Federal Credit Union  St. George
State Bank of Southern Utah  Cedar City
SummitOne Credit Union  Ogden
SunFirst Bank  St. George
TransWest Credit Union  Salt Lake City
University First FCU  Salt Lake City
USU Charter Federal Credit Union  Logan
Utah Central Credit Union  Salt Lake City
Utah Community Federal Credit Union  Provo
Utah First Federal Credit Union  Salt Lake City
Village Bank  St. George
Weber State Federal Credit Union  Ogden
Wells Fargo Bank Northwest, N.A.  Salt Lake City
Western Community Bank  Orem
Woodlands Commercial Bank  Salt Lake City
Wright Express Financial Serv. Corp.  Salt Lake City
Zions First National Bank  Salt Lake City

Washington
1st Security Bank of Washington  Mountlake Terrace
America's Credit Union, a Federal Credit Union  Fort Lewis
American Marine Bank  Bainbridge Island
AmericanWest Bank  Spokane
Anchor Bank  Aberdeen
Baker Boyer National Bank  Walla Walla
Bank of Bellevue  Bellevue
Bank of Clark County  Vancouver
Bank of Everett  Everett
Bank of Fairfield  Fairfield
Bank of Tacoma  Tacoma
Bank of the Pacific  Aberdeen
Bank of Washington  Lynnwood
Bank of Whitman  Colfax
Banner Bank  Walla Walla
Boeing Employees' Credit Union  Tukwila
Business Bank  Burlington
Cascade Bank  Everett
Cashmere Valley Bank  Cashmere
Central Valley Bank  Toppenish
Charter Bank  Bellevue
City Bank  Lynnwood
Coastal Community Bank  Everett
Columbia Community Credit Union  Vancouver
Columbia State Bank  Tacoma
Commencement Bank,  Tacoma
Commerce Bank of Washington, N.A.  Seattle
Community First Bank  Kennewick
Cowlitz Bank  Longview
Eastside Commercial Bank, N.A.  Bellevue
EvergreenBank  Seattle
Fife Commercial Bank  Fife
First Federal Savings and Loan Association of Port Angeles  Port Angeles
First Heritage Bank  Snohomish
First Independent Bank  Vancouver

94

First Savings Bank Northwest   Renton
First Sound Bank   Seattle
Fortune Bank   Seattle
Foundation Bank   Bellevue
Frontier Bank   Everett
GESA Credit Union   Richland
Global Credit Union   Spokane
Golf Savings Bank   Mountlake Terrace
Group Health Credit Union   Seattle
Harborstone Credit Union   Tacoma
Heritage Bank   Olympia
HomeStreet Bank   Seattle
HomeTown National Bank Inc.   Longview
Horizon Credit Union   Spokane
Industrial Credit Union of Whatcom County   Bellingham
Inland Northwest Bank   Spokane
iQ Credit Union   Vancouver
Islanders Bank   Friday Harbor
Issaquah Community Bank   Issaquah
Kitsap Bank   Port Orchard
Kitsap Credit Union   Bremerton
Lacamas Community Credit Union   Camas
Mountain Pacific Bank   Everett
MountainCrest Credit Union   Arlington
North Cascades National Bank   Chelan
North Coast Credit Union   Bellingham
North County Bank   Arlington
Northwest Commercial Bank   Lakewood
NorthWest Plus Credit Union   Everett
Numerica Credit Union   Spokane
O Bee Credit Union   Tumwater
Old Standard Life Insurance Company   Spokane Valley
Olympia Federal Savings and Loan Association   Olympia
Our Community Credit Union   Shelton
Pacific Crest Savings Bank   Lynnwood
Pacific International Bank   Seattle
Peninsula Community Federal Credit Union   Shelton
Peoples Bank   Lynden
Pierce Commercial Bank   Tacoma
Plaza Bank   Seattle
Prevail Credit Union   Seattle
Prime Pacific Bank, N.A.   Lynnwood
Puget Sound Bank   Bellevue
Rainier Pacific Bank   Tacoma
Raymond Federal Bank   Raymond
Red Canoe Credit Union   Longview
Regal Financial Bank   Seattle
Riverview Community Bank   Vancouver
School Employees Credit Union of Washington   Seattle
Seattle Bank   Seattle
Seattle Metropolitan Credit Union   Seattle
Security State Bank   Centralia
ShoreBank Pacific   Ilwaco
Shoreline Bank   Shoreline
Sound Banking Company   Tacoma
Sound Community Bank   Seattle
Sound Credit Union   Tacoma
South Sound Bank   Olympia
Spokane Teachers Credit Union   Liberty Lake
State Bank Northwest   Spokane
Sterling Savings Bank   Spokane
Summit Bank   Mt. Vernon
TAPCO Credit Union   Tacoma
Thurston First Bank   Olympia
Timberland Bank   Hoquiam
Twin City Bank   Longview
TwinStar Credit Union   Olympia
UniBank   Lynnwood
Valley Bank   Puyallup
Venture Bank   Lacey
Verity Credit Union   Seattle
Viking Bank   Seattle
Washington Business Bank   Olympia
Washington Federal Savings   Seattle
Washington First International Bank   Seattle
Washington Trust Bank   Spokane

95

Watermark Credit Union   Seattle
Western United Life Assurance Company   Spokane Valley
Westside Community Bank   University Place
Westsound Bank   Bremerton
Whatcom Educational Credit Union   Bellingham
Wheatland Bank   Davenport
Whidbey Island Bank   Oak Harbor
Yakima Federal Savings and Loan Association   Yakima
Yakima National Bank   Yakima
Yakima Valley Credit Union   Yakima

Wyoming
1st Bank   Evanston
Bank of Commerce   Rawlins
Bank of Jackson Hole   Jackson
Bank of Star Valley   Afton
Bank of Wyoming,   Thermopolis
Big Horn Federal Savings Bank   Greybull
Buffalo Federal Savings Bank   Buffalo
Central Bank & Trust   Lander
Cheyenne State Bank   Cheyenne
Cheyenne-Laramie County Employees Federal Credit Union   Cheyenne
Cowboy State Bank   Ranchester
First Federal Savings Bank   Sheridan
First National Bank and Trust   Powell
First National Bank of Buffalo   Buffalo
First National Bank of Wyoming   Laramie
First State Bank   Wheatland
Hilltop National Bank   Casper
Jonah Bank of Wyoming   Casper
Lusk State Bank   Lusk
Oregon Trail Bank   Guernsey
Pinnacle Bank – Wyoming   Torrington
Rawlins National Bank   Rawlins
Rock Springs National Bank   Rock Springs
Rocky Mountain Bank   Wilson
Security First Bank   Cheyenne
Security State Bank   Basin
State Bank   Green River
Summit National Bank   Hulett
Tri-County Bank   Cheyenne
UniWyo Federal Credit Union   Laramie
Warren Federal Credit Union   Cheyenne
Western Vista Federal Credit Union   Cheyenne
Wyoming Bank & Trust   Cheyenne
Wyoming National Bank   Riverton

© 2010 Federal Home Loan Bank of Seattle. All rights reserved. Terms of Use | Privacy Statement | Security Measures Disclaimer